# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 27, 2009

## JEFFREY A. WAGGONER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 88135      Richard R. Baumgartner, Judge**

_____

**No. E2009-00110-CCA-R3-CD - Filed April 26, 2010**

_____

The petitioner, Jeffrey A. Waggoner,[1] appeals the denial of error coram nobis relief by the trial court. He was convicted of first degree murder on February 2, 1984, and sentenced to life imprisonment. He filed a petition for writ of error coram nobis relief, alleging that a witness who had testified against him at trial had recanted his testimony. After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

James L. Flanary, Knoxville, Tennessee, for the appellant, Jeffrey A. Waggoner.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted of the December 29, 1982 murder of Howard Pesterfield. In this appeal, he argues that a witness at trial, Antonio McCraw, bore false testimony which he has now recanted. On the day of the murder, McCraw provided a statement to Knoxville police officers in which he indicated that he saw the petitioner scuffle with the victim before the petitioner shot the victim. McCraw testified at the petitioner's trial that he saw a white

---

[1] The petitioner's name was spelled "Waggoner" in the documents contained in the record. We note that he signs his name "Wagoner" and that his direct appeal opinion contained the single "g" spelling.

man and a black man fighting and that he thought he heard a gunshot in the early morning hours of December 29, 1982. He identified the petitioner as the black man who ran away from the altercation.

In the opinion on direct appeal, *State v. Jeffery Alan Wagoner*, 1985 Tenn. Crim. App. LEXIS 2523, at **1-2 (Tenn. Crim. App. at Knoxville, Jan. 18, 1985), it was noted that the petitioner did not contest the sufficiency of the evidence used to convict him but claimed the shooting was accidental or in self-defense. This court also concluded that a photograph admitted into evidence depicting the victim clutching his glasses case refuted the petitioner's assertion that he acted in self-defense. *Id.* at *4.

On November 18, 2005, McCraw executed an affidavit in which he claimed that he wanted to recant a prior statement that he "eye witnessed" the petitioner commit a felony. He stated that he was influenced and coached by the police and his family. He further stated that he saw nothing.

The trial court conducted a hearing on the petition for coram nobis relief on December 19, 2008. McCraw testified, "I don't remember what I said exactly, but I'm here for one reason, because I'm here to rectify a wrong that I bore testimony against Jeffrey Waggoner that I was wrong." He further testified that he did not tell the truth but had no recollection as to what he said at trial.

At the conclusion of the hearing, the court found that the petitioner's claim was "probably barred by the statute of limitations" but still ruled on the merits and held that there was no evidentiary basis to grant the petition for relief.

Analysis

On appeal, the petitioner contends that McCraw's general recantation of his testimony was sufficient to trigger error coram nobis relief. The trial court concluded that the general recantation did not demonstrate any basis for relief.

Trial courts may grant a criminal petitioner a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error coram nobis. T.C.A. § 40-26-105; *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted when the petitioner establishes the existence of newly discovered evidence relating to matters litigated at trial if the petitioner shows he was without fault in failing to present the evidence at the proper time and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. T.C.A. § 40-26-105; *Mixon*, 983 S.W.2d at 668. Before the petitioner

is entitled to relief, he must establish and the trial court must find that a reasonable basis exists for concluding that, had the evidence been presented at trial, the results of the proceeding might have been different. *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007).

Here, the petitioner offered an affidavit by a witness who testified against him at trial. During the evidentiary hearing on the writ of error coram nobis petition, the proffered witness did not point to any specific testimony that he sought to recant. He merely stated that he was pressured by his family and the police to testify and that he perpetrated a wrong against the petitioner.

The record on appeal contains the transcript of the trial in which the petitioner was initially convicted of first degree murder. The transcript reveals that the witness who provided that affidavit was not the only person to testify at trial that they saw the petitioner shoot the victim. Another witness, David Watson, testified that he saw the petitioner and the victim in the victim's truck on the night of the shooting. Watson, who was with McCraw, saw the petitioner chasing the victim down the street. Watson testified that the petitioner told him that he shot the victim "about three or four times."

Based on the record, the petitioner has not established that the results at trial might have been different if McCraw had testified differently. It is not clear from McCraw's testimony what he would have said differently, so we cannot determine if the outcome might have been different. McCraw was one of two witnesses at trial who placed the petitioner at the scene of the murder. It is reasonable to conclude that the outcome of the trial would have been the same regardless of his testimony.

The statute of limitations for seeking a writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. §§ 40-26-105, 27-7-103; *Workman v. State*, 41 S.W.3d 100, 105 (Tenn. 2001). The petitioner was convicted in 1984, and, in 2005, he received the affidavit executed by McCraw, which is the basis for the petitioner's claim. He did not file his application for writ of error coram nobis until November 2007.

Our supreme court has recognized that principles of due process may toll the writ of error coram nobis statute of limitations or the post-conviction statute of limitations when the petitioner's liberty interest in raising a later-arising issue outweighs the State's finality interest embodied in the statute. *Workman*, 41 S.W.3d at 101-02. Before the State can foreclose a claim for relief for failure to follow procedural requirements, litigants must be afforded an opportunity to present those claims at a meaningful time and in a meaningful manner. *Id.* at 102. Here, despite the untimely nature of the petition, the trial court allowed the petitioner the opportunity to present his case in a hearing and then denied the petition for

relief on its merits. The trial court properly denied relief on the merits of the petitioner's claim but could have also denied relief based on the statute of limitations.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____

JOHN EVERETT WILLIAMS, JUDGE